UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**STEPHANIE JOHNSON**
1719 Center Street
Racine, WI 53403

      Plaintiff,

v**.**                                         **CASE NO.** 23CV543

**JAMES LIUKONEN,**
100 Ohio Street
Racine, WI 53405

      Defendant.

## COMPLAINT

The Plaintiff, Stephanie Johnson, by and through her attorneys, Lawton Cates, S.C., and Attorney Briane F. Pagel hereby alleges and shows to the Court the following complaint:

## PARTIES

1. Plaintiff Stephanie Johnson is an adult resident of the State of Wisconsin who resides at 1719 Center Street, Racine, Wisconsin 53403.
2. Defendant James Liukonen is an adult resident of the State of Wisconsin who resides at 100 Ohio Street, Racine, Wisconsin 53405.

## JURISDICTION AND VENUE

3. Reallege and incorporate the foregoing as though set forth fully at this point.
4. Jurisdiction and venue are within the Eastern District of Wisconsin because all acts alleged took place in Racine Wisconsin in Racine County Wisconsin.

1

5. This Court has jurisdiction over this case pursuant to 28 USC 1331, and pursuant to 28 USC 1367.

## FACTS

6. Reallege and incorporate the foregoing as though set forth fully at this point.
7. Plaintiff Johnson began renting a place of residence from Defendant Liukonen in September 2019. Plaintiff signed a written lease for the first year of rent, then after which the tenancy converted to a month-to-month lease. The property address was 102 Ohio Street, Racine, WI.
8. Plaintiff Stephanie Johnson lived at said residence with her young daughter, and Plaintiff became pregnant with her second child sometime in 2021 with her second child being born on July 22, 2022.
9. Defendant Liukonen had a backyard camera facing Plaintiff Johnson's house. When Plaintiff asked for it to face a different direction, Defendant refused. Plaintiff's daughter no longer wanted to play outside, and Plaintiff could not have guests outside because of this invasion of privacy.
10. Defendant Liukonen, a Caucasian male, exhibited racially discriminatory behavior, including:
    a. Telling Plaintiff Johnson, a black woman, that he did not want to get electrocuted and be as black as her. He laughed at his comment.
    b. Making a chicken recipe to have Plaintiff try, then saying he knows "you people" like fried chicken.
    c. Upon dropping keys off at Defendant's house, he remarked "Bye, Felicia." The phrase "Bye, Felicia" began as a phrase used in a movie starring African Americans as a dismissive send-off in the movie *Friday* in 1995, and used again in the movie *Straight Outta Compton*, as well as on *RuPaul's Drag Race*, becoming generally known as a dismissive phrase with racial undertones.
    d. Plaintiff told Defendant she was going to have family over, and Defendant installed outdoor security cameras soon after. When she asked him to turn them away from her backyard, he responded that he wanted to protect his property.

11. Plaintiff Johnson suffers from general anxiety disorder and depression and has been treated by a licensed therapist since at least 2018. Plaintiff's symptoms include excessive worry and sleep disturbances.
12. Plaintiff Johnson was issued a letter from her therapist allowing her to get an emotional support animal. Defendant Liukonen objected and Plaintiff decided not to get one because of financial reasons at that time. In early 2022, plaintiff received a renewed letter for an ESA and was able to afford one this time. Plaintiff's therapist agreed that an ESA would probably help symptoms she was suffering, and it was important to plaintiff to get an ESA because she did not want to go on medication during her pregnancy.
13. On or about March 25, 2022 Defendant Liukonen again objected to Plaintiff Johnson getting an emotional support dog. Defendant then became visibly upset and told Plaintiff that she should try medication or get a cat.
14. Defendant Liukonen put a notice of eviction on Plaintiff Johnson's door the same day she alerted him she was getting an emotional support dog. Defendant gave her 30 days to get off the premises.
15. Following this confrontation, Plaintiff Johnson had increased visits to the doctor's office and hospital. She began seeing her therapist more regularly because she suffered from panic attacks, and more severe anxiety and depression.
16. Plaintiff Johnson also began having debilitating migraines again. Prior to the confrontation and the eviction threat, her migraines were under control. Following the incidents, her migraines got worse. Tylenol and Excedrin no longer helped.
17. Plaintiff was not able to miss work to recover because her maternity leave was approaching. Plaintiff did not want to do any daily activities like cleaning or cooking. Plaintiff also became more irritable and fought with family members more often.
18. Dior, Plaintiff Johnson's ESA, helps Plaintiff calm down when she starts having a panic attack. Because Plaintiff was pregnant during this time, she was not taking her normal medications.
19. Defendant's conduct forced plaintiff to vacate 102 Ohio Street on July 2, 2022. When she left, Defendant falsely accused her of breaking the stove handle.

# FIRST CAUSE OF ACTION:
# Violations of the Wisconsin Equal Rights Program

20. Reallege and incorporate the foregoing as though set forth fully at this point.
21. All persons have an equal opportunity for housing regardless of sex, race, color, sexual orientation, disability, religion, national origin, marital status, family status, status as a victim of domestic abuse, age, income, or ancestry. Wis. Stat. 106.50(1).
22. It is unlawful to segregate or treat unequally in the sale or rental of, or otherwise make unavailable or deny housing to a renter because of a disability of that renter, because of a disability of that person Wis. Stat. 106.50(2r)(b)(1).
23. If an individual has a disability and a disability related need for an emotional support animal, it is unlawful to refuse to rent or sell housing to an individual, cause eviction of the individual from housing, require extra compensation as a condition of continued residence in housing, or engage in harassment of the individual because she keeps an emotional support animal.
24. Plaintiff Johnson had been seeing a licensed health professional for many years. Due to her pregnancy, Plaintiff did not want to go on additional medications for her anxiety and depression. Plaintiff's licensed therapist wrote Plaintiff a letter for an emotional support dog and agreed that an emotional support dog may alleviate some of Plaintiff' symptoms.
25. Upon information and belief, Defendant Liukonen put a notice of eviction on Plaintiff Johnson's door the same day Plaintiff notified Defendant that she would be getting a service dog. Defendant's conduct is in total violation of Wisconsin's Equal Rights Program for open housing.

# SECOND CAUSE OF ACTION:
# Violation of 42 U.S.C. 1982

26. Reallege and incorporate the foregoing as though set forth fully at this point.
27. Plaintiff is a member of a racial minority.
28. Plaintiff was qualified to rent the property in question and had been renting the property in question.
29. Plaintiff was forced out of the apartment by reason of her race.

30. Plaintiff has suffered damages as a result of defendant's conduct.

## THIRD CAUSE OF ACTION:
### Intentional Infliction of Emotional Distress

31. Reallege and incorporate the foregoing as though set forth fully at this point.
32. Wisconsin permits recovery for intentional infliction of emotional distress when (1) the conduct in question was intended to cause emotional distress; (2) the conduct was extreme and outrageous; (3) that the conduct was a cause-in-fact of the person's emotional distress; and (4) that the emotional distress was extreme and disabling.
33. Defendant Liukonen intended to cause distress to Plaintiff; defendant's actions and attitudes demonstrate that he was not motivated by any other factors other than to discriminate against plaintiff. Defendant's racially-charged comments, as well as his installation of security cameras in the backyard only after learning plaintiff's family was coming over, demonstrates that Defendant's real intention was to cause distress to the plaintiff.
34. Defendant Liukonen read Plaintiff Johnson's letter stating she was getting an emotional support dog; Defendant promptly objected and told Plaintiff she should try medications or get a cat. Defendant also made a racially charged comment. Defendant posted a notice of eviction on Plaintiff's door the same day, disregarding equal protection laws in place to protect citizens with diagnosed disabilities.
35. Directly following this confrontation, Plaintiff had increased visits to the hospital and to her therapist. Plaintiff suffered from panic attacks and increased anxiety and depression. She also began having debilitating migraines again. She did not want to go on medication because of her pregnancy and she was worried about her baby's health. Plaintiff felt defeated and did not want to participate in daily household activities like cooking for her daughter or cleaning.
36. As a direct and proximate result of Defendant's conduct, Plaintiff Johnson is entitled to an award of damages.

# FOURTH CAUSE OF ACTION:
## Negligent Infliction of Emotional Distress

37. Reallege and incorporate the foregoing as though set forth fully at this point.
38. Wisconsin permits recovery for negligent infliction of emotional distress when (1) The defendant's conduct was negligent; (2) the plaintiff suffered severe emotional distress; and (3) the defendant's conduct was a cause-in-fact of the plaintiff's severe emotional distress.
39. To the extend that defendant's conduct was not intended to cause emotional distress, defendant still knew or should have known that his conduct would likely cause serious and severe emotional distress, and had an obligation and duty to refrain from such conduct.
40. As a direct and proximate result of Defendant's negligence, Plaintiff Johnson suffered damages.

## Damages Allegations:

41. Reallege and incorporate the foregoing as though set forth fully at this point.
42. Defendant's conduct as alleged herein was malicious and done with an intentional disregard of plaintiff's rights, and accordingly defendant is entitled to an award of punitive damages.

WHEREFORE plaintiff requests the Court grant her such damages, costs and fees and other relief as are just and equitable.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES IN THIS ACTION.**

Dated: This 28th day of April, 2023.

**Lawton Cates, S.C.**
Attorneys for Plaintiff, Stephanie Johnson
*Electronically Signed By:*

*/s/ Briane F. Pagel*
Attorney Briane F. Pagel
State Bar No. 1025514