UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHANIE JOHNSON,

    Plaintiff,

v.                                                     Case No. 23-CV-543

JAMES LIUKONEN,

    Defendant.

## ORDER

Before the court is Stephanie Johnson's supplemental motion in limine wherein she asks the court to "find that defendant James Liukonen violated Wisconsin law, based on claim preclusion, issue preclusion, and the *Rooker-Feldman* doctrine." (ECF No. 38 at 1.)

Johnson was Liukonen's tenant, and he allegedly evicted her rather than accommodate her emotional support animal. Johnson states that in the eviction action the state court found that the eviction was retaliatory.

When the court discussed Johnson's motion at the final pretrial conference, it noted, in part, that Johnson needed to prove what the court found by providing, for example, a copy of any written decision or a transcript of the proceeding.

Johnson did not provide a written decision or a transcript. Instead, Johnson provided a text exchange between Liukonen and Johnson (ECF No. 39-1), a lease termination letter (ECF No. 39-2), and a Wisconsin Circuit Court Access Program (CCAP) printout from the eviction action (ECF No. 39-3).

On that CCAP printout, the entry for a "Court Trial" on May 23, 2022, states under "Additional text:"

> Plaintiff James Harvey Liukonen in court. Defendant Stephanie Johnson in court. Parties DSAT. Exhibits 1 thru 4 received. BTC: Eviction found to be retaliatory because of Emotional Support Dog. Tenant to be out of premises by August 31, 2022. Rent and Water to be paid when due, currently the 3rd of every month. In July and August, rent to be paid on the 1st of the month and water bill to be paid on time. If this is not complied with, plaintiff can file a new eviction action with proper notice.

(ECF No. 39-3 at 1.)

Although courts regularly rely on CCAP, it is usually for general matters, such as the fact that a proceeding, request, or motion was filed. *See, e.g.*, *Luecke v. Huckstore Diesel Pump & Injector Serv.*, 2024 Wisc. App. LEXIS 408, *2, 2024 WI App 37, 412 Wis. 2d 835, 9 N.W.3d 303, 2024 WL 2151130; *Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶ 5, 346 Wis. 2d 635, 640, 829 N.W.2d 522, 524, 2013 Wisc. App. LEXIS 116, *3, 2013 WL 500401.

A CCAP report, however, is not an official court record. *State v. Bonds*, 2006 WI 83, ¶ 46, 292 Wis. 2d 344, 374, 717 N.W.2d 133, 149, 2006 Wisc. LEXIS 375, *41. "[B]y its own terms, [it] is of questionable accuracy." *Id.* "The online website reflects information

entered by court staff." *Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, P5, 346 Wis. 2d 635, 640, 829 N.W.2d 522, 524, 2013 Wisc. App. LEXIS 116, *3, 2013 WL 500401. There is no indication that its text reflects the approval or endorsement of the judge. Consequently, the Wisconsin Supreme Court found that a CCAP printout is insufficient to, for example, prove the fact of a prior conviction in a criminal case. *Bonds*, 2006 WI 83, ¶ 49.

Johnson has failed to demonstrate that a line in a CCAP entry purporting to reflect a finding of the circuit court is a sufficient basis for the application of either issue or claim preclusion or the *Rooker-Feldman* doctrine, see *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Ritter v. Ross*, 992 F.2d 750, 755 (7th Cir. 1993). In light of the Wisconsin Supreme Court's clear holding that CCAP is not an official court record, the court finds it an insufficient basis for the application of res judicata or *Rooker-Feldman*.

Even if Johnson could prove that the circuit court found that the eviction was retaliatory, her motion would fail. Johnson has failed to show that *Rooker-Feldman* is applicable. This action does not stand to undo the state court judgment in the eviction action.

Johnson has failed to show that claim preclusion has any applicability under the circumstances presented. *See Wis. Pub. Serv. Corp. v. Arby Constr., Inc.*, 2012 WI 87, ¶33, 342 Wis. 2d 544, 818 N.W.2d 863 (discussing claim preclusion generally).

Only issue preclusion is potentially relevant, but for issue preclusion to apply, the issue must have been actually litigated. *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723, 727, 1995 Wisc. LEXIS 7, *10. The CCAP printout does not establish that Johnson's claim that Liukonen violated Wis. Stat. § 106.50(2r)(b)(1) was actually litigated in the eviction case.

**IT IS THEREFORE ORDERED** that Johnson's supplemental motion in limine (ECF No. 38) is denied.

Dated at Milwaukee, Wisconsin this 12th day of November, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge